UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:17-CR-69-T-24TBM

JORDAN RODRIGUEZ
_____/

**SENTENCING MEMORANDUM**

The Defendant, Mr. Jordan Rodriguez ("Mr. Rodriguez"), by and through his undersigned attorney, Mr. Adam J. Nate, pursuant to 18 U.S.C. §§ 3553 and 3551, files this Sentencing Memorandum in support of his request for a reasonable sentence that is not greater than necessary to satisfy the statutory purposes of sentencing enumerated in 18 U.S.C. § 3553. Toward that end, and for the reasons that follow, Mr. Rodriguez respectfully requests a 5-year prison sentence followed by a 5-year term of supervised release as to Count Three, and a 189-day prison sentence (i.e., 6 months and 5 days; time-served since his arrest on March 1, 2017) followed by a 3-year term of supervised release as to Counts One and Two, with the sentences of all counts to run concurrently.

**I. The requested sentence will adequately reflect the seriousness of the offense, promote respect for the law, and justly punish Mr. Rodriguez.**

18 U.S.C. § 3553(a)(2)(A) requires this Court to impose a sentence that will "reflect the seriousness of the offense . . . promote respect for the law, and . . . provide just punishment for the offense." Put another way, any punishment that is excessive and disproportionate in light of the seriousness of the offense will promote disrespect for the law and provide an unjust punishment. Possessing and distributing controlled substances and illegally possessing firearms are undeniably serious criminal offenses. However, Mr. Rodriguez's crime was not one of violence, and his one prior criminal conviction does not reflect a violent nature. Presentence Report ¶ 28. Given the facts of this case and Mr. Rodriguez's personal history and characteristics, the recommended guideline sentence will justly punish him for the crimes he committed, take into account his lack of violence and limited criminal history, and adequately promote respect for the law.

**II. The requested sentence will provide adequate deterrence to criminal conduct for both Mr. Rodriguez and the general public.**

18 U.S.C. § 3553(a)(2)(B) requires this Court to impose a sentence that will "afford adequate deterrence to criminal conduct." The sentence requested by Mr. Rodriguez is sufficiently substantial to deter others who are, or might become engaged in, the criminal conduct he has admitted to. In addition, Mr. Rodriguez has accepted responsibility for his actions, and will formally express his remorse during

his allocution at the sentencing hearing. Standing up and owning past behavior that is wrong and publicly expressing regret for it are meaningful steps towards specifically deterring Mr. Rodriguez from future criminal activity, and possibly deterring others from the same criminal activity.

### III. The requested sentence will adequately protect the public from further crimes of Mr. Rodriguez.

18 U.S.C. § 3553(a)(2)(C) requires this Court to impose a sentence that will "protect the public from further crimes of the defendant." This particular purpose centers on the possible risk of recidivism of a defendant, and the danger a defendant could pose to the public. Thus, this purpose is mainly concerned with those offenders who clearly present some future risk to the public, such as defendants who committed repeated serious crimes in the past, particularly violent crimes. This "incapacitation" goal of sentencing should not be a significant concern for the Court in this case, as Mr. Rodriguez has no prior record of violent criminal conduct, and he did not engage in a violent offense. Mr. Rodriguez is a low-level offender, and his conduct in this case was aberrant when compared to his personal history and characteristics. These facts suggest a limited risk of recidivism, and support Mr. Rodriguez's requested sentence.

**WHEREFORE**, Mr. Rodriguez respectfully requests a 5-year prison sentence followed by a 5-year term of supervised release as to Count Three, and a 189-day prison sentence (i.e., 6 months and 5 days; time-served since his arrest on

March 1, 2017) followed by a 3-year term of supervised release as to Counts One and Two, with the sentences of all counts to run concurrently.

DATED this 5th day of September, 2017.

Respectfully submitted,

DONNA LEE ELM
FEDERAL DEFENDER

/s/ *Adam J. Nate*

Adam J. Nate
Florida State Bar No. 0077004
Assistant Federal Defender
400 North Tampa Street
Suite 2700
Tampa, Florida  33602
Telephone:  813-228-2715
Fax:             813-228-2562
Email:          Adam_Nate@fd.org

# **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 5th day of September, 2017, a true and correct copy of the foregoing was furnished by the CM/ECF system with the Clerk of the Court, which will send a notice of the electronic filing to:

Ms. Natalie Hirt Adams, Assistant United States Attorney

/s/ *Adam J. Nate*

Adam J. Nate
Assistant Federal Defender